**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: SMITH & NEPHEW BHR & R3 HIP IMPLANT PRODUCTS LIABILITY LITIGATION** MDL No. 2775

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in eight actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Maryland or, alternatively, the Southern District of Mississippi.[1] The motion encompasses twenty-eight actions pending in nineteen districts, as listed on Schedules A and B.[2] The Panel also has been notified of eleven related actions pending in eleven districts.[3]

These actions involve products liability claims relating to components of the Birmingham Hip Resurfacing (BHR) system, the R3 acetabular system, or some combination of a BHR component and other hip implant components. Movants initially sought centralization of all these actions in a single MDL. Movants have changed their position and now seek centralization of only the actions involving claims relating to a BHR component. Plaintiffs in twelve actions and potential tag-along actions support the motion. Most of these plaintiffs, like movants, seek centralization of only the BHR actions. They suggest a number of potential transferee districts, including the District of Maryland, the Southern District of Mississippi, the Western District of Missouri, the Eastern District of North Carolina, the Western District of Oklahoma, and the Northern District of Texas.

Plaintiffs in three actions—the *McAnneny* and *LaFountain* actions in the District of Connecticut and the *Raab* action in the Southern District of West Virginia—oppose inclusion of their actions in the MDL, primarily because they assert claims pertaining to non-BHR components.

---

[1] Movants are plaintiffs in Central District of California *Rand*, District of Colorado *Kruse*, Northern District of Illinois *Hand*, Eastern District of Kentucky *Crews*, Northern District of Ohio *Grazia*, Southern District of Texas *Leblanc*, District of Utah *Marion*, and Eastern District of Wisconsin *Zingler*. In their initial motion, movants indicated that they were "open" to centralization in the District of Colorado, the Northern District of Illinois, the District of Utah, and the Southern District of West Virginia. At oral argument, counsel advocated only for centralization in the District of Maryland or the Southern District of Mississippi.

[2] The motion initially included three additional actions. One was remanded to state court, while two others were dismissed.

[3] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

Defendant Smith & Nephew, Inc. (Smith & Nephew) opposes centralization. Alternatively, Smith & Nephew argues that any MDL should be limited to actions relating only to BHR components and centralized in the Western District of Tennessee.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions concerning the design, manufacture, marketing or performance of Smith & Nephew's BHR system. Specifically, plaintiffs focus on complications arising from the use of a cobalt-chromium alloy in the manufacture of the BHR components. Plaintiffs allege that they have suffered pain, adverse local tissue reaction, pseudotumors, bone and tissue necrosis, metallosis, or other symptoms, often necessitating revision surgery. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary.

Smith & Nephew asserts several arguments against centralization. First, it opposes centralization because these actions involve different products. That objection, though, is essentially moot given that movants (and the other supporting plaintiffs) now seek to centralize only actions involving BHR components. We agree that actions—such as the *Cochran*, *Tipsord*, and *LaFountain* actions listed on Schedule B—that do not involve claims relating to BHR components should be excluded from this MDL. The BHR components were subject to the rigorous premarket approval procedure by the U.S. Food and Drug Administration, whereas the other hip implant components at issue in these actions were cleared for marketing under the more lenient Section 510(k) procedure. *See Medtronic, Inc. v. Lohr*, 518 U.S. 470, 477-79 (1996) (comparing the PMA and 510(k) procedures). The non-BHR actions will be subject to different discovery and pretrial motion practice. Accordingly, this MDL shall include only actions asserting a claim as to a BHR component, and we shall rename this MDL "*In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*."

Smith & Nephew also argues that the primary dispute in the BHR actions is whether plaintiffs' claims are preempted by federal law. Defendant contends that the individual issues involved in determining whether a parallel state law claim exists and has been pled in each action would overwhelm the questions common to the preemption analysis. We suspect that the preemption analysis will be more similar from case to case than Smith & Nephew suggests. The same preemption analysis will be conducted in each action, and state tort laws that share similar elements can be grouped together for analysis. To the extent these actions survive Smith & Nephew's preemption challenges, discovery is likely to be complex, expert-intensive, and will benefit from centralization.

Smith & Nephew also insists that this motion is untimely because litigation involving its hip implants has been ongoing since 2010. But there are 34 BHR actions (including the potential tag-along actions) pending in 25 districts across the country. Most of these actions were filed only

recently and remain in their infancy. Centralization of these actions, therefore, is not untimely. Nor is informal coordination preferable to centralization in this instance, given the number of involved districts and parties.

Turning to the opposing plaintiffs, we already have explained why the *LaFountain* action will be excluded from this MDL. In contrast to *LaFountain*, both *McAnneny* and *Raab* include allegations relating to BHR components. In *McAnneny*, plaintiff alleges that the BHR components were defective because they were mislabeled with the wrong size, and he attributes his alleged metallosis to non-BHR components installed during a revision surgery. Therefore, *McAnneny* is unlikely to share many common questions of fact with the BHR actions.

Unlike *McAnneny*, the *Raab* action involves claims similar to those in the other BHR actions, as well as claims relating to another hip implant component associated with a full hip replacement (the Modular Femoral Head). *Raab*, though, is quite advanced, with discovery soon to close and trial scheduled to begin in less than six months. Transfer of *Raab* at this point would not promote the goals of Section 1407. Accordingly, both *McAnneny* and *Raab* will be excluded from the MDL.

We select the District of Maryland as the appropriate transferee district for this litigation. The district is a convenient and accessible forum for this nationwide litigation. Two actions on the motion are pending in the District of Maryland, including the first-filed *Williams* action. The Honorable Catherine C. Blake, who presides over both actions, is an experienced MDL judge with the willingness and ability to manage this litigation efficiently. Further, as Judge Blake is presiding over one of the most procedurally-advanced actions, she is well situated to structure this litigation so as to minimize delay and avoid unnecessary duplication of discovery and motion practice.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Catherine C. Blake for coordinated or consolidated pretrial proceedings; and

IT IS FURTHER ORDERED that MDL No. 2775 is renamed "*In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*"; and

IT IS FURTHER ORDERED that transfer of the actions listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell
Lewis A. Kaplan
R. David Proctor
Charles R. Breyer
Ellen Segal Huvelle
Catherine D. Perry

**IN RE: SMITH & NEPHEW BHR & R3 HIP IMPLANT PRODUCTS LIABILITY LITIGATION** MDL No. 2775

**SCHEDULE A**

Central District of California

RAND v. SMITH & NEPHEW, INC., C.A. No. 2:16-09383

District of Colorado

HUNT v. SMITH & NEPHEW, INC., C.A. No. 1:16-02401
KRUSE, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 1:16-03117

Northern District of Illinois

LAVERTY, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 1:15-09485
HAND, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 1:17-00432

Eastern District of Kentucky

CREWS v. SMITH & NEPHEW, INC., C.A. No. 5:16-00471

District of Maryland

WILLIAMS, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 1:14-03138
TWIGG, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 1:17-00256

Eastern District of Michigan

PESICK v. SMITH & NEPHEW, INC., C.A. No. 2:17-10219
GAFFKE v. SMITH & NEPHEW, INC., C.A. No. 2:17-10246

Southern District of Mississippi

SWITZER v. SMITH & NEPHEW, INC., C.A. No. 1:16-00351

Western District of Missouri

TINER v. SMITH & NEPHEW, INC., C.A. No. 6:17-03021

Northern District of New York

BALCH, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 5:16-00112

Eastern District of North Carolina

REDICK, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 7:17-00015

Northern District of Ohio

GRAZIA v. SMITH & NEPHEW, INC., C.A. No. 1:16-03051

Southern District of Texas

TAYLOR, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 2:17-00038
LEBLANC v. SMITH & NEPHEW, INC., C.A. No. 4:17-00022

District of Utah

MARION, ET AL. v. SMITH & NEPHEW, C.A. No. 1:15-00096

Western District of Virginia

GOWIN v. SMITH & NEPHEW, INC., C.A. No. 6:16-00061

Southern District of West Virginia

LEWIS v. SMITH & NEPHEW, INC., C.A. No. 2:16-11631
STARCHER, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 2:17-00609

Eastern District of Wisconsin

ZINGLER v. SMITH & NEPHEW, INC., C.A. No. 1:16-01599

Western District of Wisconsin

FOX v. SMITH & NEPHEW, INC., C.A. No. 3:16-00798

**IN RE: SMITH & NEPHEW BHR & R3 HIP IMPLANT PRODUCTS LIABILITY LITIGATION** MDL No. 2775

**SCHEDULE B**

District of Connecticut

LAFOUNTAIN v. SMITH & NEPHEW, INC., C.A. No. 3:14-01598
MCANNENY v. SMITH & NEPHEW, INC., C.A. No. 3:17-00012

Central District of Illinois

COCHRAN v. SMITH & NEPHEW, INC., C.A. No. 1:16-01121
TIPSORD, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 1:16-01339

Southern District of West Virginia

RAAB, ET AL. v. SMITH & NEPHEW, INC., C.A. No. 2:14-30279